UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH DONNEY, | No. 2:15-cv-2530-JAM-EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JEFFREY BEARD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding through counsel in an action brought under 42 U.S.C. § 1983. Defendants move to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 8. For the reasons that follow, the motion must be denied.

**I.     The Complaint**

Plaintiff asserts a claim against defendants Beard and Duffy alleging deliberate indifference to plaintiff's safety in violation of his Eighth Amendment rights. ECF No. 1. The claim is premised on the following allegations:

Plaintiff is a former federal prosecutor who is serving an indeterminate life sentence. *Id.* ¶¶ 3, 8. Allegedly, his status as a former federal prosecutor makes him a high profile inmate, and a target for assault by other inmates. *Id.* ¶¶ 8, 20. He claims he was attacked by cellmates on many occasions. *Id.* ¶ 15. Nineteen years ago, another inmate allegedly attempted to murder

1

plaintiff by slitting plaintiff's jugular vein. *Id.* ¶ 11. Plaintiff asserts that since that attack, he has been safely housed in a single-cell. *Id.* ¶¶ 14, 17. However, the Unit Classification Committee ("UCC") recently informed plaintiff that he can and will be housed with a cellmate or in dormitory housing with multiple individuals at any time. *Id.* ¶¶ 19, 23. Plaintiff asserts that with the influx of new inmates, he is in imminent threat of losing his single-cell housing. *Id.* at 1, ¶ 23. He claims that if that occurs, he will be attacked or killed because of his status as a formal federal prosecutor. *Id.* at 1, ¶ 20.

As relief, plaintiff seeks an order from the court mandating that defendants be prohibited from transferring him to a double cell or to dormitory housing and to formally assign him with single-cell status. *Id.* at 8.

**II.     The Motion to Dismiss**

   **A. Rule 12(b)(6) Standard**

In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55, 562-63, 570 (2007)  (stating that the 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of his claims that would entitle him to relief "has been questioned, criticized, and explained away long enough," and that having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard").  Thus, the grounds must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 1965. Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted).  Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint's factual allegations are accepted as true. *Church of Scientology of Cal. v. Flynn*, 744 F.2d 694, 696 (9th Cir. 1984).  The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks Sch. of Bus., Inc. v.*

*Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). General allegations are presumed to include specific facts necessary to support the claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

The court may disregard allegations contradicted by the complaint's attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987)). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)). "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *Sprewell*, 266 F.3d at 988. Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**B. Analysis**

Although defendants noticed their motion pursuant to Rule 12(b)(6), they do not address the sufficiency of the factual allegations of the complaint to state an Eighth Amendment claim of deliberate indifference.[1] Instead, defendants argue that: (1) plaintiff lacks standing to seek a permanent injunction because he has not shown that he is currently housed, or will be housed,

---

[1] Raising standing, the motion argues that plaintiff is unlikely to succeed on the merits and therefore not entitled to injunctive relief. It does not argue that plaintiff fails to state a claim for relief under the Eighth Amendment. *See* ECF No. 8 at 8.

3

under conditions that endanger his safety; and (2) plaintiff has failed to state a claim for permanent injunctive relief. Neither argument addresses the standards applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. Given that defendants' motion does not address the sufficiency of plaintiff's Eighth Amendment allegations, and only advance such an argument for first time in their reply brief, plaintiff has not had an opportunity to oppose the argument. Accordingly, the court declines to consider it. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

As for the "standing" argument, it appears that defendants intended to assert a motion attacking subject matter jurisdiction that should have properly been brought under Rule 12(b)(1). Defendants cite to *Bates v. United Parcel Service, Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) for the proposition that a plaintiff must demonstrate a concrete and particularized harm to establish standing to pursue the relief sought, which in *Bates* was injunctive relief. While that clearly is a requirement for standing, *Bates* has little or nothing to do with the standards for a Rule 12(b)(6) motion and simply does not assist in determining whether plaintiff's complaint includes allegations sufficient to state a cause of action under the Eighth Amendment for deliberate indifference. Instead, *Bates* addresses a fundamental jurisdictional threshold to suit, i.e. Article III standing, which is properly raised on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. 511 F.3d at 985.

*Bates* was a class action suit asserting claims under the Americans with Disabilities Act in a case where "only liability and equitable relief were at issue in the district court, not damages." 511 F.3d at 985. The issue of Article III standing arose in in the context of whether the claims as to a named plaintiff had become moot. *Id*. No such contention is made here. Instead, defendants argue that plaintiff lacks standing to seek permanent injunctive relief and is not entitled to such relief because he does not identify how being double-celled or housed in a dormitory poses any specific or actual risk of assault from other inmates, even if those inmates were to learn of plaintiff's ties to law enforcement. In response, plaintiff refers to the allegations in his complaint that he is in imminent danger of losing his single-cell status because of the UCC's decision regarding his housing and the influx of new inmates, and that he is vulnerable to inmate attacks in

4

a less-protective setting because of his ties to law enforcement. In their reply, defendants fault plaintiff for failing to support his claim of irreparable harm with "any evidence." ECF No. 15 at 3. Defendants misapprehend the standards for resolving a motion attacking subject matter jurisdiction.

Even assuming a properly noticed motion under Rule 12(b)(1), different standards apply, depending on the manner in which jurisdictional challenge is made. *See, e.g., Crisp v. United States*, 966 F. Supp. 970, 971-72 (E.D. Cal. 1997). First, if the motion attacks the complaint on its face, often referred to as a "facial attack," the court considers the complaint's allegations to be true, and plaintiff enjoys "safeguards akin to those applied when a Rule 12(b)(6) motion is made." *Doe v. Schachter*, 804 F. Supp. 53, 56 (N.D. Cal. 1992). Second, if the motion makes a "factual attack" on subject matter jurisdiction, often referred to as a "speaking motion," the court does not presume the factual allegations of the complaint to be true. *Thornhill*, 594 F.2d at 733. In a factual attack, defendant challenges the truth of the jurisdictional facts underlying the complaint. Under such an attack, no presumptive truthfulness attaches to plaintiff's allegations. *Id.* Thus, on a proper record, the court may consider evidence such as declarations or--where material facts are disputed--live testimony to resolve the facts material to jurisdiction. *Id.*; *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). "However, when 'ruling on a jurisdictional motion involving factual issues which also go to the merits, the trial court should employ the standard applicable to a motion for *summary judgment*.' Under this standard, 'the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Trentacosta v. Frontier Pacific Aircraft Industries, Inc.*, 813 F.2d 1553, 1558 (9th Cir. 1987) (quotations and citations omitted) (emphasis added).

The instant motion is brought under Rule 12(b)(6), which simply focuses on whether facts alleged in the complaint are adequate to state a claim. A Rule 12(b)(6) motion is not the appropriate procedural vehicle to test the sufficiency of plaintiff's evidence. Defendants may, at a later stage of the litigation, choose to test whether plaintiff has the evidence necessary to prove his allegations. As suggested by the authorities cited above, such a motion directed at disputed

/////

facts material to subject matter jurisdiction would likely invoke the standards under Rule 56. But for now, at the pleading stage, defendants have not shown that plaintiff lacks standing.

Finally, defendants address plaintiff's request for injunctive relief as a separate cause of action. It is not. *Diaz-Amador v. Wells Fargo Home Mortgages*, 856 F. Supp. 2d 1074, 1083 (D. Ariz. 2012); *Brockington v. J.P. Morgan Chase Bank, N.A.,* 2009 WL 1916690 (N.D. Cal, 2009). It is a remedy that will turn upon whether plaintiff can actually prove the requisite elements of his Eighth Amendment deliberate indifference claim.

### III.     Recommendation

For the foregoing reasons, it is recommended that defendants' January 8, 2016 motion to dismiss (ECF No. 8) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 17, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE